IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY L. HARRIS, ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. |
| CLARK AND WASHINGTON ) | |
| P.C. and/or CLARK AND ) | |
| WASHINGTON LLC, ) | JURY TRIAL DEMAND |
| **Defendant.** ) | |

## COMPLAINT

### I.    JURISDICTION AND PARTIES

**1.**

This suit is brought and jurisdiction lies under the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. (FLSA) as Plaintiff seeks unpaid wages, liquidated and actual damages and attorneys' fees for Defendants' failure to pay Plaintiff wages she is owed for work performed.

**2.**

Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391.

**3.**

Plaintiff, Kimberly Harris (hereinafter "Plaintiff") is a citizen of the United States and the State of Georgia.

**4.**

Upon Information and belief Defendant, Clark and Washington, LLC (hereinafter Defendant LLC), is a foreign Limited Liability Company doing business for profit in Georgia and was Plaintiff's employer. Upon information and belief defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent Emory Lee Clark, 432 Meadow Watch Lane, Atlanta GA 30350.

**5**.

Upon Information and belief Defendant, Clark and Washington, P.C. (hereinafter Defendant P.C.), is a domestic Company doing business for profit in Georgia and was Plaintiff's employer. Upon information and belief Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent Emory Lee Clark, 3300 Northeast Expressway, Building 3, Atlanta, GA 30341.

**6.**

Collectively Defendant LLC and Defendant P.C. shall be referred to as Defendants.

**7.**

At all times material to this action Defendants were/are governed by and subject to the provisions of the Fair Labor Standards Act.

**8.**

At all times material to this action Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

**9.**

At all times material to this action Plaintiff was a non-exempt hourly employee of the Defendants.

**10.**

At all times material to this action Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e).

**11.**

At all times material to this action Defendants were employers engaged in interstate commerce and their gross revenues exceeded $500,000 per year.

**12.**

Defendants are employers within the meaning of 29 U.S.C § 203(d).

II. **STATEMENT OF FACTS**

**13.**

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 12 stated above.

**14.**

Plaintiff worked for Defendants from January 2009 through August 2012. While employed by Defendants Plaintiff worked as a Petition Analyst and her main duties were typing bankruptcy petitions.

**15.**

Defendants paid Plaintiff an hourly rate of pay throughout the relevant time period.

**16.**

Based upon her job duties and hourly rate of compensation Plaintiff was an hourly employee who was not exempt from the minimum wage and overtime provisions of the FLSA.

**17.**

While employed by the Defendants Plaintiff routinely worked in excess of forty (40) hours per week.

**18.**

Defendants intentionally reduced and cut Plaintiff's hourly rate of pay for all hours worked in excess of forty (40) hours per week.

**19.**

Plaintiff was regularly underpaid for workweeks in which she worked in excess of forty (40) hours per week.

**20.**

Plaintiff regularly suffered or was permitted to work more than forty (40) hours per workweek but was not compensated by Defendants at the rate of time and one-half for hours for work performed in excess of forty (40) hours per week.

**Count I – Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. Seq.**

**21.**

Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 stated above.

**22.**

At all relevant times Defendants knew that FLSA applied to Plaintiff as a non-exempt hourly employee, and that they had a statutory duty to pay Plaintiff overtime in the amount of one and one half her rate of pay for all hours she worked over forty ("40") in a given workweek.

**23.**

At all times material to this action Defendants failed to comply with 29 U.S.C. § 201 *et seq.* in that Plaintiff worked for Defendants in excess of the

maximum hours provided by law, but Defendants failed to compensate Plaintiff at the rate of time and one-half for excess hours worked.

**24.**

The above described conduct constitutes a willful violation of the FLSA entitling Plaintiff to a three (3) year statute of limitations and an award of liquidated damages.

**25.**

Defendant's conscious disregard of the FLSA's overtime provisions constitutes a willful violation of the FLSA, entitling Plaintiff to all relief afforded under the FLSA including a three (3) year statute of limitations and an award of liquidated damages on all unpaid overtime wages.

**26.**

The above described violations give rise to a claim for relief under the FLSA for unpaid overtime compensation for the three (3) year period immediately preceding the filing of Plaintiff's Complaint, liquidated damages in an amount equal to the unpaid compensation, pre-judgment interest and reasonable attorneys fees and expenses of litigation pursuant to 29 U.S.C. § 216.

**IV.     RELIEF REQUESTED**

WHEREFORE, Plaintiff requests judgment of this Court against Defendants as follows:

(1) That the Court award Plaintiff all of her unpaid compensation including without limitation all unpaid overtime wages;

(2) That the court award Plaintiff liquidated damages for Defendants' willful violations of the FLSA ; and

(3) This Court award Plaintiff reasonable attorneys' fees and the cost and expenses associated with this action;

(4) Grant other and further relief as may be just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

This the 4th day of February 2013.

Adams-Bradham Law Offices LLC

*Paulette R. Adams-Bradham*
Paulette Adams-Bradham
Attorney for Plaintiff

Ga. State Bar No.: 004723

P. O. Box 5097
Alpharetta, Georgia 30023
(770) 650-4145