IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMBERLY L. HARRIS, MELIA COLEMAN, BETTY CURRY, ELSIE STATHAM and TAMMALEE WILSON, on behalf of themselves and all those similarly situated who consent to representation,<br><br>  Plaintiffs,<br><br>v.<br><br>CLARK AND WASHINGTON P.C. and/or CLARK AND WASHINGTON LLC,<br><br>  Defendants. | Civil Action No:<br>1:13-CV-00364-ODE<br><br>JURY TRIAL DEMANDED |

**FIRST AMENDED COMPLAINT**
**COLLECTIVE ACTION**

Plaintiffs Kimberly L. Harris, Melia Coleman, Betty Curry, Elsie Statham and Tammalee Wilson, (collectively "Plaintiffs"), pursuant to Fed. R. Civ. P. 15(a), and as a matter of course, file this First Amended Complaint against Defendants Clark and Washington P.C. and Clark and Washington LLC (hereinafter "Defendants") on behalf of themselves and all others similarly situated.

**Introduction**

1.

This suit is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA). Plaintiffs bring this action as a collective action on behalf of themselves and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. § 216(b).

2.

Plaintiffs and all similarly situated current or former employees of Defendants who elect to participate in this action seek unpaid overtime wages, an equal amount of liquidated damages, attorneys' fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants.

3.

Other similarly situated current and former employees of Defendants are also entitled to receive overtime compensation and other relief for the reasons alleged in this Complaint.

4.

The above-named Plaintiffs are permitted to maintain this action "for and on behalf of himself . . and other employees similarly situated. " 29 U.S.C. § 216(b).

5.

Any similarly situated current or former employee of Defendants wishing to become a party plaintiff to this action must provide his or her "consent in writing to become such a party," and such consent must be filed with this Court pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

7.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia, Northern District.

## PARTIES

8.

Plaintiff Kimberly Harris (hereinafter "Harris") is a citizen of the United States and the State of Georgia, and resides within this District. She submits herself to the jurisdiction of this Court.

9.

Plaintiff Elsie Statham (hereinafter "Statham") is a citizen of the United States

and the State of Georgia, and resides within this District. She submits herself to the jurisdiction of this Court.

10.

Plaintiff Betty Curry (hereinafter "Curry") is a citizen of the United States and the State of Georgia, and resides within this District. She submits herself to the jurisdiction of this Court.

11.

Plaintiff Tammalee Wilson (hereinafter "Wilson") is a citizen of the United States and the State of Georgia, and resides within this District. She submits herself to the jurisdiction of this Court.

12.

Plaintiff Melia Coleman (hereinafter "Ms. Coleman") is a citizen of the United States and the State of Georgia, and resides within this District. She submits herself to the jurisdiction of this Court.

13.

At all times material to this action, Plaintiffs and those similarly situated were "employees" of Defendants as defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiffs and those similarly situated are further covered by §§ 203 and 207 of the FLSA for the periods in which they were employed by Defendants.

14.

Defendant Clark and Washington, LLC (hereinafter Defendant LLC), is a foreign (Delaware) Limited Liability Company doing business for profit in Georgia, specifically providing legal services, and was Plaintiffs' employer within the terms of the FLSA, 29 U.S.C. § 203(d).

15.

Defendant Clark and Washington, P.C. (hereinafter Defendant P.C.), is a domestic Professional Company doing business for profit in Georgia, specifically providing legal services, and was Plaintiffs' employer within the terms of the FLSA, 29 U.S.C. § 203(d).

16.

Collectively Defendant LLC and Defendant P.C. shall be referred to as "Defendants." Defendants can be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through their registered agent, Emory Lee Clark, 3300 Northeast Expressway, Building 3, Atlanta, GA 30341.

17.

At all times material to this action Defendants are and have been governed by and subject to the provisions of the FLSA, including the overtime provisions set forth in § 207.

18.

At all times material to this action, Defendants constituted, individually and collectively, an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19.

At all times material to this action Defendants were both individually and jointly an employer within the meaning of 29 U.S.C. § 203(d).

20.

At all times material to this action Plaintiffs were non-exempt hourly employees of the Defendants.

## STATEMENT OF FACTS

21.

Defendants operate a law firm that has a high volume bankruptcy practice with offices throughout the southeastern United States.

22.

At all times relevant to this action, the primary duties of Plaintiffs and those similarly situated were not the management of the enterprise in which they were employed, but rather clerical.

23.

At all times relevant to this action, Plaintiffs and those similarly situated were non-exempt employees for purposes of overtime compensation.

24.

Plaintiff Harris worked for Defendants from January 2009 through August 2012. While employed by Defendants, Harris worked as a Petition Analyst and her primary job duty was typing bankruptcy petitions.

25.

Plaintiff Statham worked for Defendants from November 2007 through February 2013. While employed by Defendants, Statham worked as a Petition Analyst/Reviewer and her primary job duties were typing and reviewing bankruptcy petitions.

26.

Plaintiff Curry worked for Defendants from May 2007 through February 2013. While employed by Defendants, Curry worked as a Petition Analyst / Reviewer and her primary job duties were typing and reviewing bankruptcy petitions.

27.

Plaintiff Wilson worked for Defendants intermittently from June 2006 through January 2013. While employed by Defendants, Wilson worked as a customer service representative and her primary duty was contacting bankruptcy

clients of Defendants via telephone to confirm and schedule appointments.

28.

Plaintiff Coleman worked for Defendants from September 2010 through February 2013.  While employed by Defendants Plaintiff worked as a customer service representative whose primary duty was contacting bankruptcy clients of Defendants via telephone to confirm and schedule appointments.

29.

At all times relevant to this action, Defendants paid Plaintiffs and those similarly situated an hourly rate of pay.

30.

In addition to their regular wages, Defendants regularly paid Plaintiffs and those similarly situated additional sums of money for additional effort and hours worked.

31.

 Based upon their job duties and hourly rate of compensation Plaintiffs and those similarly situated were  hourly employees who were not exempt from the minimum wage and overtime provisions of the FLSA.

32.

While employed by the Defendants, Plaintiffs and those similarly situated consistently worked at least forty (40) hours per week.

33.

While employed by the Defendants, Plaintiffs and those similarly situated routinely worked in excess of forty (40) hours per week.

34.

With regard to Plaintiffs and those similarly situated, Defendants intentionally reduced and cut their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

35.

Plaintiffs and those similarly situated were regularly underpaid for all workweeks in which they worked in excess of forty (40) hours per week.

36.

Although they regularly suffered or worked more than forty (40) hours per workweek, Plaintiffs and those similarly situated were not compensated by Defendants at the rate of time and one-half for hours of work performed in excess of forty (40) hours per week.

Count I

Violation of the Fair Labor Standards Act ("FLSA")
29 U.S.C. §§ 201-219

37.

Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 36 stated above.

38.

At all times relevant to this action, Defendants knew that the FLSA applied to Plaintiffs and those similarly situated as non-exempt hourly employees, and that they had a statutory duty to pay Plaintiffs and those similarly situated overtime in the amount of one and one half their rate of pay for all hours they worked over forty ("40") in a given workweek.

39.

At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-219, in that Plaintiffs and those similarly situated worked for Defendants in excess of forty (40) hours per week, but Defendants failed to compensate Plaintiffs at the rate of time and one-half for excess hours worked.

40.

Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay

overtime wage compensation to Plaintiffs and those similarly situated in accordance with §§ 203 and 207 of the FLSA.

41.

Defendants acted with malice and reckless indifference to Plaintiff's federally protected rights.

42.

The above described violations give rise to a claim for relief under the FLSA for unpaid overtime compensation for the three (3) year period immediately preceding the filing of Plaintiffs' Complaint pursuant to 29 U.S.C. § 216.

43.

As a result of Defendant's violations of the FLSA, Plaintiffs and those similarly situated have suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA, in an amount to be determined at trial and are entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs on behalf of themselves and those similarly situated persons who will opt-in to this action, and pursuant to § 216(b) of the FLSA, demand a trial by jury on all issues and request judgment of this Court against Defendants and pray for the following relief:

(1)   That the Court award Plaintiffs and all those that consent to representation unpaid compensation including without limitation all unpaid overtime wages;

(2)   That the court award Plaintiffs and all those that consent to representation liquidated damages for the Defendants' absence of good faith and willful violations of the FLSA;

(3)   That the Court award Plaintiffs and all those that consent to representation reasonable attorneys' fees and the cost and expenses associated with this action;

(4)   That Plaintiffs and all those that consent to representation be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

This ___ day of _____ 2013.

*Paulette R. Adams-Bradham*
Paulette Adams-Bradham
Ga. State Bar No.: 004723

Adams-Bradham Law Offices LLC
P. O. Box 5097
Alpharetta, Georgia 30023
(770) 650-4145

(Signatures continued on next page)

By: */s/ James E. Rollins, Jr.*
James E. Rollins, Jr.
Georgia Bar No. 613825

By: */s/ Debra Schwartz*
Debra Schwartz
Georgia Bar No. 631035

Schwartz Rollins, LLC
945 E. Paces Ferry Road, Suite 2770
Atlanta, Georgia 30326
404-8444-4130 (ph.) 404-844-4135 (fax)
GAEmploymentlawyers.com