# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KIMBERLY L. HARRIS, MELIA
COLEMAN, BETTY CURRY, ELSIE
STATHAM and TAMMALEE WILSON,
on behalf of themselves and all those
similarly situated who consent to
representation,

    Plaintiffs,

v.

CLARK AND WASHINGTON, P.C.,
AND/OR CLARK AND WASHINGTON,
LLC,

    Defendants.

CIVIL ACTION
NO. 1:13-CV-00364-ODE

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Release of Claims (the "Agreement") is made in the lawsuit captioned *Kimberly L. Harris et al v. Clark & Washington, P.C. et al*, Case No. 1:14-cv-00364-ODE (the "Lawsuit"), currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division (the "Court"), by and between all Representative and Opt-In Plaintiffs who have filed a Consent to Join the Lawsuit and whose claims have not been dismissed (the "Plaintiffs") and Defendants Clark & Washington, P.C. and Clark & Washington, LLC, their agents, employees, officers, directors, representatives, beneficiaries,

1

FPDOCS 30381435.1

heirs, executors, administrators, predecessors, successors, and assigns ("Clark & Washington" or "Defendants").

This Agreement is made as a compromise between the Plaintiffs and Clark & Washington (collectively, the "Parties") for the complete and final settlement of the claims, differences, and causes of action which were raised or could have been raised by Plaintiffs in the Lawsuit, including but not limited to those claims, causes of action, demands, debts, obligations, damages, or liability arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") or any state law breach of contract or other claims for unpaid wages or overtime.

## BACKGROUND

1. On October 2, 2012, Plaintiff Deana Bakir filed a lawsuit captioned *Deana Bakir v. Clark & Washington, P.C. et al*, Civ. No. 1:12-cv-03430-ODE (the "Bakir Lawsuit") against Clark & Washington, in which she asserted claims under the FLSA, specifically a failure to properly pay overtime wages.

2. On February 4, 2013, Plaintiff Kimberly Harris filed the Lawsuit against Clark & Washington, in which she also asserted claims under the FLSA. On March 14, 2013, Plaintiffs Melia Coleman, Betty Curry, Elsie Statham, and Tammalee Wilson joined the Lawsuit as Representative Plaintiffs. (Dkt. No. 4.)

3. On April 11, 2013, the Court consolidated the claims brought in the Bakir Lawsuit with those in the Lawsuit. (Dkt. No. 6.)

2

4. Clark & Washington denies all allegations in the Lawsuit, and denies that any damages are owed to Plaintiffs. Thus bona fide disputed legal and factual issues exist in this case.

5. On January 15, 2014, the Court conditionally certified the Lawsuit as a collective action under 29 U.S.C. § 216(b). (Dkt. No. 48.) Plaintiffs' counsel sent Notice of the Lawsuit to all putative class members, and 69 individuals filed Consents to Join the Lawsuit. Plaintiffs Adrienne Wilson, Michelle Mayberry, Valerie Chinn, Linda Tucker, and Ashley Townsend-Ayala subsequently dismissed their claims against Clark & Washington because they did not work over 40 hours in a workweek for Clark & Washington during the three-year period prior to their filing Consents to Join the Lawsuit. (Dkt. No. 86.) Plaintiffs Wilson, Mayberry, Chinn, Tucker, and Townsend-Ayala therefore are not parties to this Agreement.

6. The Notice of Lawsuit read in part as follows:

> By joining this lawsuit, you designate the class representatives as your agents, to make decisions on your behalf concerning the litigation (including decisions regarding any settlement of this litigation), the method and manner of conducting the litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to the lawsuit.

(Dkt. No. 49-2, p. 3.)

7. The Parties recognize the outcome in the Lawsuit is uncertain and achieving a final result through litigation requires additional risk, discovery, time

and expense, particularly in light of revisions to Clark & Washington's pay practices in May 2012. To determine the best interests of all, Plaintiffs and Defendants, through their counsel, have engaged in discovery and conducted an extensive investigation and evaluation of the record facts and law relating to the claims asserted in the Lawsuit.

8. On January 7, 2015, the parties engaged in mediation with United States Magistrate Judge E. Clayton Scofield III, and through extensive arms-length negotiations, subsequently agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement.

9. After balancing the benefits of settlement against the costs, risks, and delay of continued litigation, the Plaintiffs and counsel for Plaintiffs have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement. Plaintiffs and counsel for Plaintiffs believe the terms and conditions set forth in this Agreement are in the best interests of all of the Plaintiffs and represent a fair, reasonable, and adequate resolution of the Lawsuit.

10. Clark & Washington denies all allegations in the Lawsuit, and denies that any damages are owed to the Plaintiffs. Nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense, and uncertainty of continuing the Lawsuit, Clark & Washington has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement.

FPDOCS 30381435.1

10. Therefore, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

A. **Settlement Payments and Taxes:** To resolve the Plaintiffs' claims which were raised or which could have been raised in the Lawsuit, the Parties agree as follows:

1. Clark & Washington shall make the gross settlement payment of $190,000.00 (the "Settlement Amount") to Plaintiffs in two separate payments in the following manner:

a) Within 10 calendar days of entry of an order by the Court approving settlement (the "Order"), Clark & Washington shall deliver to counsel for Plaintiffs the gross amount of $100,000.00 (the "Initial Settlement Payment"), to be allocated as back wages, liquidated damages and attorneys' fees and costs as provided separately by Plaintiffs' counsel.

b) On or before December 15, 2015, Clark & Washington shall deliver to counsel for Plaintiffs the gross amount of $90,000.00 (the "Final Settlement Payment") to be allocated as back wages, liquidated damages and attorneys' fees and costs as provided separately by Plaintiffs' counsel.

Clark & Washington (including its principals) represents by its signature hereto that it has a good faith belief that it will be in a sufficient financial position to be able to make the Final Settlement Payment on or before December 15, 2015, that it is aware of no reason, financial or otherwise, why it will be unable to make the Final Settlement Payment on or before December 15, 2015, and that it fully intends to make the Final Settlement Payment on or before December 15, 2015.

Further, Clark & Washington represents that it does not oppose and agrees not to oppose the amount (or the reasonableness of the amount) of attorneys' fees and costs to be paid to Plaintiffs' counsel, said sum to be paid solely out of the total Settlement Payment.

2. Counsel for Plaintiffs shall provide counsel for Defendants with a completed IRS Form W-4 for each of the Plaintiffs who are not current employees of Clark & Washington prior to submission of the Agreement to the Court for approval in order to provide Clark & Washington sufficient time to prepare and process the Initial Settlement Payment within the time provided. Counsel for Plaintiffs shall likewise provide counsel for Defendants a completed IRS Form W-9 for counsel for Plaintiffs prior to submission of the Agreement to the Court for approval.

3. With the exception of Clark & Washington's share of payroll taxes for back wages, the Plaintiffs shall be solely responsible for any tax liability,

penalties, and interest arising from the allocation of the Settlement Amount, including any taxes, penalties, and interest related to the taxable wage income paid to Plaintiffs under IRS Forms W-2 and 1099. Plaintiffs and their counsel understand and agree that they have not relied on any express or implied representations by Clark & Washington concerning the tax implications of the Settlement Amount. Clark & Washington will not consider any payments made to the Plaintiffs in resolution of the claims in this Lawsuit to be wages for purposes of calculating, or recalculating, benefits provided by, or to, Clark & Washington's employees and their beneficiaries under the terms and conditions of any benefit plan maintained by Clark & Washington for the benefit of its employees and their beneficiaries.

4. If, after 180 days following issuance, any payments issued to Plaintiffs or counsel for Plaintiffs are not negotiated, such payments shall be void, and Clark & Washington shall be entitled to the unclaimed payments for the purpose of offsetting the expenses attendant to this Agreement, and this Agreement shall remain binding on all Parties. Clark & Washington shall have no responsibility to re-issue any checks that are lost, stolen, or forged.

B. **Release of Claims:** Plaintiffs release and forever discharge Clark & Washington and their predecessors, successors, parents, subsidiaries, assigns, and all of their present and former directors, officers, employees, attorneys, agents,

shareholders, and representatives (collectively "the Releasees"), from any and all claims, causes of action, demands, debts, obligations, damages, or liability which were asserted or which could have been asserted in the Lawsuit, including but not limited to those claims, causes of action, demands, debts, obligations, damages, or liability arising under the FLSA or any state law breach of contract or other claims for unpaid wages or overtime.  Each of the Opt-In Plaintiffs shall execute a separate document attached hereto as Exhibit A affirming their release of the Releasees from any and all claims, causes of action, demands, debts, obligations, damages or liability which were asserted or which could have been asserted in the Lawsuit, including but not limited to those claims, causes of action, demands, debts, obligations, damages, or liability arising under the FLSA or any state law breach of contract or other claims for unpaid wages or overtime.  The failure of any Plaintiff to negotiate his or her check for his or her portion of the Settlement Payment shall not impact or diminish the enforceability of the release described in this Paragraph.

C.  **Court Approval:**  The Parties will cooperate, and take all steps necessary, to effectuate judicial approval of their settlement.  If the Court approves this Agreement, the Parties request that the Court direct the Clerk of Court to administratively close the case pending final payment to Plaintiffs, due on or before December 15, 2015, at which point the case shall be dismissed with

8

prejudice. In the event that the Court does not approve this Agreement, the Parties will not be deemed to have waived, limited, or affected in any way any claims, objections or defenses in the Lawsuit.

D.  **Severability of Provisions:** This Agreement is contingent upon approval by the Court. The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole and without revision, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

E.  **No Admission of Liability:** Clark & Washington expressly denies any liability, responsibility, or wrongdoing as alleged in the Lawsuit. The Parties understand and acknowledge this Agreement is the result of a compromise, and shall not be construed as an admission of liability, responsibility, or wrongdoing by Clark & Washington.

F.  **Enforcement and Choice of Law:** This Agreement will be interpreted and enforced under the laws of the State of Georgia, without regard to its conflict of laws provisions, except where federal law applies and provided that this Agreement shall not be construed in favor of one party or against the other. Any claim regarding the enforcement of the Agreement will be resolved solely and exclusively in the United States District Court for the Northern District of Georgia, Atlanta Division. Breach of the terms hereof shall subject the breaching party to

the reasonable attorneys' fees incurred in such action by the prevailing, non-breaching party, and any other such damages and other remedies as may be available in law or in equity.

G. **Full and Complete Agreement:** This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. The Parties acknowledge and agree that, before entering into this Agreement, they have had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the other Parties, other than the representations and warranties expressly set forth in this Agreement. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before, or after, the Court's approval of this Agreement, shall be valid or binding unless approved by the Court and made in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification, or amendment.

H. **Binding Agreement:** This Agreement shall be binding upon, and inure to the benefit of, the Parties, the Releasees, and their agents, employees, officers, directors, representatives, beneficiaries, heirs, executors, administrators, predecessors, successors, and assigns.

I.  **When Agreement Becomes Effective:**  This Agreement shall become effective upon its approval by the Court.

J.  **Counterparts:**  The Parties may execute this Agreement in counterparts and execution in counterparts shall have the same force and effect as if the Parties had signed the same instruments.  The Parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

K.  **Signatories:**  Each person executing this Agreement warrants and represents that such person has the authority to do so.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release of claims.

(Signature to follow on Page 12)

BETTY CURRY
Designated Representative for Settlement

_____

Date: _____

ANGELA TABB
Designated Representative for Settlement

*Angela Tabb*

Date: __2/13/2015_____

DEANA BAKIR
Designated Representative for Settlement

_____

Date: _____

CLARK & WASHINGTON, P.C.

By: *Emory L Clark*
Name: EMORY L. CLARK
Title: President
Date: 3/6/2015

CLARK & WASHINGTON, LLC

By: *Emory L Clark*
Name: EMORY L. CLARK
Title: managing member
Date: 3/6/2015

12

| | |
|---|---|
| BETTY CURRY<br>Designated Representative for Settlement | CLARK & WASHINGTON, P.C.<br><br>By: _____<br>Name: _____<br>Title: _____<br>Date: _____ |
| _____<br><br>Date: _____ | |
| ANGELA TABB<br>Designated Representative for Settlement | CLARK & WASHINGTON, LLC<br><br>By: _____<br>Name: _____<br>Title: _____<br>Date: _____ |
| _____<br><br>Date: _____ | |

DEANA BAKIR
Designated Representative for Settlement

*[signature]*

Date: 2/20/15

BETTY CURRY
Designated Representative for Settlement

*[signature: Betty P Curry]*

Date: 2/16/15

ANGELA TABB
Designated Representative for Settlement

Date: _____

DEANA BAKIR
Designated Representative for Settlement

Date: _____

CLARK & WASHINGTON, P.C.

By: _____
Name: _____
Title: _____
Date: _____

CLARK & WASHINGTON, LLC

By: _____
Name: _____
Title: _____
Date: _____

12

Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIMBERLY L. HARRIS, MALIA COLEMAN, BETTY CURRY, ELSIE STATHAM, DEANA BAKIR and TAMMALEE WILSON, on behalf of themselves and all those similarly situated who consent to representation, | : : : : : : : : | |
| | : | Civil Action No: |
| | : | 1:13-CV-00364-ODE |
| Plaintiffs, | : : | |
| CLARK AND WASHINGTON P.C. and/or CLARK AND WASHINGTON LLC, | : : : : | |
| Defendants. | : | |

**Notice of Settlement & Consent**

NOTICE

This Notice informs you of the settlement of the wage and hour lawsuit brought pursuant to the Fair Labor Standards Act by Clark & Washington employees, and provides you with a Settlement Form which you MUST SIGN AND RETURN TO RECEIVE YOUR SETTLEMENT PAYMENT. When you joined this lawsuit, you designated the class representatives as your agents, to make decisions on your behalf concerning the litigation, including decisions

FPDOCS 30381435.1

regarding any settlement of this litigation. A settlement has now been reached between the representative Plaintiffs and Clark & Washington to resolve all claims brought by both Named and Opt-In Plaintiffs in Civil Action No. 1:13-CV-0364 ODE currently pending in the United States District Court for the Northern District of Georgia. The attorneys for Plaintiffs approve of the settlement, and the settlement will be submitted to the District Court for final approval after all Named and Opt-In Plaintiffs sign and return their Settlement Forms.

Pursuant to the settlement, each named and opt-in Plaintiff shall receive his or her pay for all hours worked over 40 in any week for the time period beginning two years prior to opting into the lawsuit and May 1, 2012, when Clark & Washington changed its pay practices.  The pay for time over 40 hours is calculated at a rate of 1.5 times each employee's hourly rate, determined by dividing his or her salary by 40. Additionally, each named and opt-in Plaintiff shall receive an additional proportional payment of liquidated damages. Clark & Washington will make two separate payments for most of you. The first will be within 10 days after the Court approves the Settlement Agreement, and the second will be on or before December 15, 2015.  The specific amount that you will receive for each of these payments is provided on Exhibit 1 attached.

FPDOCS 30381435.1

## CONSENT

By my signature below, I hereby affirm that I have read and understand the Settlement Agreement and Release of Claims that the representative Plaintiffs have entered into on my behalf in the above-captioned Lawsuit, and that I agree to be bound by the terms and conditions thereof.  I specifically agree and understand to be paid the amounts set forth in Exhibit 1, and I release and forever discharge Clark & Washington, P.C. and Clark & Washington, LLC and their predecessors, successors, parents, assigns, and all of their directors, officers, employees, attorneys, agents, shareholders, and representatives (collectively "the Releasees"), from any and all claims, causes of action, damages, or liability which were asserted or which could have been asserted in the above-captioned Lawsuit, including but not limited to those claims for damages or liability arising under the FLSA or any state law or other claims for unpaid wages or overtime.

Signature: _____

Name: _____

Date: _____

FPDOCS 30381435.1